IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

CHS/COMMUNITY HEALTH )
SYSTEMS, INC.; and TRIAD )
HEALTHCARE CORPORATION ) No. 3-11-0449
)
v. ) Consolidated with Case No. 3-12-0248
)
LEXINGTON INSURANCE )
COMPANY; and IRONSHORE )
SPECIALTY INSURANCE COMPANY )

O R D E R

By contemporaneously entered order, the Court has approved and entered the parties' joint initial case management order for consolidated cases, with modifications addressed at the case management conference held on May 10, 2012. Those modifications and other matters addressed on May 10, 2012, are as follows:

1. The parties will participate in mediation on May 16, 2012, in New Mexico in conjunction with the 71 lawsuits filed against the plaintiffs and Otero County Hospital Association (the "Schlicht actions").

2. By May 18, 2012, the plaintiffs shall file one consolidated complaint, including the claims filed by all three plaintiffs against the defendants.[1]

3. The defendants shall have until June 1, 2012, to file a response(s) to the consolidated complaint, and any counter-claim against the plaintiffs.[2]

---

[1] The plaintiffs shall clearly indicate what policies are at issue in this case, to attempt to ensure that the defendants will not assert affirmative defenses related to policies that are not at issue.

[2] Defendants' counsel shall review their affirmative defenses to determine if there are sufficient grounds to assert all of the previous affirmative defenses. The defendants shall have leave to amend their answer by the October 5, 2012, deadline for filing any motions to amend, to assert any affirmative defenses, not included in their answer, for which grounds develop during the course of discovery. If discovery reveals grounds for additional affirmative defenses after October 5, 2012, the defendants may move before the close of discovery to assert such additional affirmative defenses if they did not have sufficient grounds to assert such defenses prior to October 5, 2012, if any such motion to amend is filed immediately after becoming aware of facts to support such an affirmative defense.

4. The plaintiffs shall have until June 8, 2012, to file a response to any counter-claims.

5. The parties agree that no discovery is necessary prior to filing and briefing cross motions on the issue of numbers of retention.

6. The parties shall have until June 11, 2012, to file cross motions on the "numbers of retention" issue.

Inasmuch as the parties agree that their positions on this issue are legal issues and there are very few, if any, disputed issues of fact, to the extent possible, the parties shall confer and file a joint statement of undisputed material facts, rather than filing two or more statements of undisputed material facts, as contemplated by Local Rule 56.01, and a joint stipulated set of exhibits, obviating duplication of filings of the same exhibits filed separately by the parties. Such joint statement of undisputed material facts and joint stipulated exhibits shall be filed by June 11, 2012.

Any response to such motions shall be filed by July 2, 2012, and any reply, if necessary, shall be filed by July 9, 2012. Any reply shall be limited to five (5) pages.

No other filings in support of or in opposition to these cross-motions shall be made except with the express permission of the Honorable John T. Nixon.

7. The plaintiffs shall have until July 9, 2012, to serve expert disclosures in accord with Rule 26(a)(2) of the Federal Rules of Civil Procedure for any experts related to the "shared limits" issue. The defendants shall have until August 9, 2012, to serve Rule 26(a)(2) expert disclosures related to the "shared limits" issue. The plaintiffs shall have until August 16, 2012, to serve any rebuttal expert disclosures, if necessary.

8. All fact and expert discovery related to the "shared limits" issue shall be completed by September 7, 2012. That means that any written discovery related to that issue shall be served in sufficient time so that responses will be in hand by September 7, 2012.

9. The parties shall have until September 28, 2012, to file cross-motions on the "shared limits" issue. Any response shall be filed by October 19, 2012, and any reply, if necessary shall be filed by October 26, 2012. Any reply shall be limited to five (5) pages.

No other filings in support of or in opposition to these cross-motions shall be made except with the express permission of the Honorable John T. Nixon.

10. To the extent that additional experts are necessary, the plaintiffs shall have until November 12, 2012, to serve Rule 26(a)(2) expert disclosures for any additional experts, unrelated to the shared limits issues.

11. The defendants shall have until December 7, 2012, to serve Rule 26(a)(2) expert disclosures for any additional experts unrelated to the shared limits issue. The plaintiffs shall have until December 14, 2012, to serve any rebuttal expert disclosures on such issues, if necessary.

12. All expert discovery unrelated to shared limits shall be completed by January 18, 2013.

13. All remaining fact discovery on issues unrelated to the shared limits issue, including the discovery related to the defendants' affirmative defenses, shall be completed by January 4, 2013. The means that any written discovery unrelated to the shared limits issues shall be served so that responses will be in hand by January 4, 2013.

14. Any dispositive motion, unrelated to numbers of retention and shared limits, shall be filed by February 22, 2013. Any response shall be filed within 31 days of the filing of such motion or by March 25, 2013, if the motion is filed on February 22, 2013. Any reply, if necessary, shall be filed within 21 days of the filing of the response or by April 15, 2013, if the response is filed on March 25, 2013. Any reply shall not exceed ten (10) pages.

No other filings in support of or in opposition to any dispositive motion shall be made except with Judge Nixon's express permission.

15. There shall be no stay of discovery before the September 7, 2012, deadline for completion of fact and expert discovery related to the issue of shared limits, before the January 4, 2013, deadline for the completion of all fact discovery related to other issues, or before the January 18, 2013, deadline for completion of expert discovery related to other issues despite the pendency of any dispositive motion.

16. Memoranda in support of or in opposition to any dispositive motion filed in this case shall not exceed 25 pages.

17. A further case management conference is scheduled on **Wednesday, November 7, 2012, at 9:00 a.m., central time,** in Courtroom 764, U.S. Courthouse, 801 Broadway, Nashville, Tennessee.

In consultation with Judge Nixon's office, a jury trial[3] is scheduled on **Tuesday, July 16, 2013, beginning at 9:00 a.m.,** in Courtroom 774, U.S. Courthouse, 801 Broadway, Nashville, TN. The parties estimate that the trial will last five (5) trial days.

The parties are directed to contact Ms. Mary Conner, courtroom deputy to Judge Nixon, by no later than 12:00 noon on Friday, July 12, 2013, if this case has settled. Failure to provide such notification in the event the parties have settled the case may result in assessment of costs against the parties and/or their attorneys, including but not limited to the costs of summoning the jurors.

A pretrial conference is also scheduled before Judge Nixon on **Friday, June 28, 2013, at 10:00 a.m.,** in Chambers, 770 U.S. Courthouse.

By May 31, 2013, counsel shall advise opposing counsel of those portions of any depositions to be read to the jury or those portions of video depositions to be viewed by the jury, in accord with Local Rule 32.01(b) and Rule 26(a)(3)(A)(ii) of the Federal Rules of Civil Procedure, and shall serve a list of the expected witnesses and exhibits in accord with Rule 26(a)(3)(A)(i) and (iii) of the Federal Rules of Civil Procedure.

By June 10, 2013, the parties shall file any motions in limine, any <u>Daubert</u> motions and/or motions relating to expert testimony, any evidentiary objections to deposition testimony in accord with Local Rules 32.01(b) and 39.01(d)(1) and Rule 26(a)(3)(B), and any objections to proposed exhibits in accord with Rule 26(a)(3)(B).

---

[3] Although no party has demanded a jury, plaintiffs' counsel represented on May 10, 2012, that he intended to demand a jury in his consolidated complaint to be filed by May 18, 2012.

Any responses to such motions in limine, any responses to any <u>Daubert</u> motions and/or motions relating to expert testimony, and any responses to objections to deposition testimony and proposed exhibits shall be filed by June 21, 2013.

By June 21, 2013, the parties shall also:

1. Submit a proposed joint pretrial order, which shall include:

    (a) a recitation that the pleadings are amended to conform to the pretrial order and that the pretrial order supplants the pleadings;

    (b) a short summary of the plaintiffs' theory (no more than one page each);

    (c) a short summary of the defendants' theory (no more than one page each);

    (d) a succinct statement of the relief sought;

    (d) a statement of the issues, including a designation of which issues are for the jury and which issues are for the Court;

    (e) a summary of any anticipated evidentiary issues;

    (f) a statement that counsel have complied with Rule 26(a)(2) and Rule 26(e) of the Federal Rules of Civil Procedure; and

    (g) the estimated length of the trial.

2. File pretrial briefs, including:

    (a) a concise statement of the facts;

    (b) a concise statement of the issues;

    (c) a statement of the propositions of law upon which counsel relies, together with citations of authorities in support thereof;

    (d) those evidentiary rulings counsel anticipates may arise and the legal authorities upon which counsel relies in support of his or her contentions; and

    (e) what damages are recoverable and, where applicable, a proposed method of reducing future damages to present value.

3. File any deposition transcripts that the parties expect to use at trial;

4. Serve and file their respective final lists of witnesses and exhibits;

5. File a listing of all agreed stipulations;[4] and

6. File proposed jury instructions, any special interrogatories, and any special verdict forms.[5]

A deadline for filing pretrial briefs will be established at the pretrial conference, if appropriate.

The parties shall premark all exhibits and comply with Local Rule 39.01(c)(4).

It is so ORDERED.

_____
JULIET GRIFFIN
United States Magistrate Judge

---

[4] Counsel shall attempt to good faith to stipulate to the authenticity of exhibits, and shall stipulate to any matters as to which there is no genuine issue or to which counsel does not intend to contest. Objections to authenticity of exhibits and any proposed stipulation to which another party objects will be addressed at the pretrial conference. Objections as to admissibility and relevancy may be reserved until the time of trial or addressed in the context of motions in limine.

[5] Counsel shall confer and jointly prepare and file a set of agreed, proposed instructions and verdict forms. Each proposed jury instruction shall begin on a new page and shall include citations to supporting authorities. The parties may separately file any disputed jury instructions or verdict forms.