IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CHS/COMMUNITY HEALTH SYSTEMS, INC.; TRIAD HEALTHCARE CORPORATION; and QUORUM HEALTH RESOURCES, LLC, <br>    Plaintiffs/Counter-Defendants <br>and <br><br>UNITED TORT CLAIMANTS, <br>    Plaintiff Intervenor <br>v. <br><br>LEXINGTON INSURANCE COMPANY, <br>    Defendant/Counter-Plaintiff <br>and <br><br>IRONSHORE SPECIALTY INSURANCE COMPANY <br>    Defendant. | No. 3-11-0449 <br><br>Consolidated with Case No. 3-12-0248 |

## O R D E R

As scheduled during the conference call on July 24, 2012, and as provided in the order entered July 26, 2012 (Docket Entry No. 101), a conference call with counsel for the parties and the Court was held on July 26, 2012,[1] at which time the following matters were addressed:

1. Plaintiffs' counsel shall request that counsel in the Bankruptcy case filed by the hospital[2] in New Mexico modify the proposed order to provide that Nautilus Insurance Company ("Nautilus") will pay $6,000,000.00 on behalf of Quorum Health Resources, LLC ("QHR"), and $2,450,000.00 on behalf of the hospital and Dr. Schlicht.

2. The parties in this case have agreed to stipulate that if Nautilus pays $6,000,000.00 on behalf of QHR and $2,450,000.00 on behalf of the hospital and Dr. Schlicht, that will satisfy a $6,000,000.00 SIR under the Lexington excess policy.

---

[1] Counsel for the intervenor did not participate in the conference call.

[2] The "hospital" refers to Otero County Hospital Association, Inc. d/b/a Gerald Champion Regional Medical Center.

3. Assuming the parties execute such a stipulation, the need for the parties to file cross motions for partial summary judgment on the "shared limits" issue, as contemplated in the order entered May 14, 2012 (Docket Entry No. 70), will be rendered moot.

4. The parties shall have until August 6, 2012, to file such a stipulation.

5. As addressed during the July 24, 2012, conference call, defendant Lexington shall produce its claim file to the plaintiffs, along with a privilege log. Such production shall be made no later than August 10, 2012.[3]

6. By August 10, 2012, the parties shall also file a proposed protective order relating to the claims file.

7. The plaintiffs have agreed to cancel the deposition of Lexington's claims adjustor scheduled the week of July 30, 2012, and the deposition of Ironshore's adjustor scheduled the week of August 6, 2012.

8. Plaintiffs' counsel represented that all other discovery issues addressed during the July 24, 2012, conference call have been rendered moot as a result of the parties' stipulation.

9. The parties have requested oral argument on the pending motions for partial summary judgment (Docket Entry Nos. 82, 83, and 87), which will be addressed by further order.

Any party desiring to appeal any order of the Magistrate Judge may do so by filing a motion for review no later than fourteen (14) days from the date of service of the order. The motion for review must be accompanied by a brief or other pertinent documents to apprise the District Judge of the basis for the appeal. See Rule 72.02(b)(1) of the Local Rules of Court and Rule 72(a) of the Federal Rules of Civil Procedure.

It is so ORDERED.

*Juliet Griffin*
JULIET GRIFFIN
United States Magistrate Judge

---

[3] Plaintiffs' counsel indicated that, after reviewing the claims file, he might seek to make a further filing related to the pending motions for partial summary judgment.