IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CHS/COMMUNITY HEALTH SYSTEMS, INC.; TRIAD HEALTHCARE CORPORATION; and QUORUM HEALTH RESOURCES, LLC,<br>　　Plaintiffs/Counter-Defendants<br>and<br>UNITED TORT CLAIMANTS,<br>　　Plaintiff Intervenor<br>v.<br>LEXINGTON INSURANCE COMPANY,<br>　　Defendant/Counter-Plaintiff<br>and<br>IRONSHORE SPECIALTY INSURANCE COMPANY<br>　　Defendant. | No. 3-11-0449<br><br>Consolidated with Case No. 3-12-0248 |

O R D E R

Pending before the Court is the motion of defendant Ironshore Specialty Insurance Company ("Ironshore") to strike intervenors United Tort Claimants' ("UTC") supplemental memorandum in support of the plaintiff's motion for partial summary judgment (Docket Entry No. 132), in which defendant Lexington Insurance Company ("Lexington") has joined (Docket Entry No. 133).

To the extent that Lexington's counsel labeled its filing (Docket Entry No. 133) as a motion for joinder, the motion is GRANTED.

In addition, defendant Ironshore has filed a motion for oral argument (Docket Entry No. 135) on the motion to strike. UTC has filed a response (Docket Entry No. 137), agreeing with Ironshore that oral argument would be helpful, but disagreeing on before whom oral argument should be held. Whereas defendant Ironshore asked that oral argument be scheduled before the Magistrate Judge, UTC asks that oral argument be scheduled before the Honorable John T. Nixon.

Plaintiffs CHS/Community Health Systems, Inc. and Triad Healthcare Corporation filed this action on May 12, 2011. Case management orders were entered on August 9, 2011 (Docket Entry Nos. 30-31), but, on March 7, 2012, the case filed by plaintiff Quorum Health Resources, LLC ("QHR") against the same defendants in the District of New Mexico was transferred to this District, and consolidated by order entered April 3, 2012 (Docket Entry No. 63). Revised case management orders were entered May 14, 2012 (Docket Entry Nos. 69-70), and a consolidated amended complaint was filed on May 18, 2012 (Docket Entry No. 71). The order entered May 14, 2012 (Docket Entry No. 70), provided a schedule for the parties to file and brief cross-motions on the number of retentions issue, ending on July 9, 2012, and provided that no other filings in support of or in opposition to the cross-motions could be filed without Judge Nixon's express permission.

UTC filed a motion to intervene on May 22, 2012 (Docket Entry No. 72), which was granted by order entered July 25, 2012 (Docket Entry No. 100), and the intervenor complaint was filed (Docket Entry No. 103).

In the interim, on June 11 and 12, 2012, the original parties filed motions for partial summary judgment on the number of retentions issue (Docket Entry Nos. 82, 83, and 87). On September 28, 2012, UTC filed a notice of joinder, which counsel labeled as a motion for joinder (Docket Entry No. 122), in the motion for partial summary judgment filed by the plaintiff (Docket Entry No. 83). As provided in the May 14, 2012, order, briefing was completed on those motions on July 9, 2012.

On May 20, 2013, UTC filed a supplemental memorandum (Docket Entry No. 131) in support of the motion for partial summary judgment filed by plaintiff QHR (Docket Entry No. 83), precipitating the defendants' motion to strike.

Although the defendants suggest that the motion to strike should be resolved by the Magistrate Judge as a case management issue and as an issue related to the parameters under which UTC was allowed to intervene, UTC views the issue as one more properly for Judge Nixon for him to determine what he wants to consider in addressing the pending motions for partial summary judgment.

While the defendants' position is not without merit, the Magistrate Judge is persuaded that it is more appropriate for Judge Nixon to determine whether or not he wants to consider the intervenor's supplemental memorandum, especially because the pending motions for partial summary judgment are already fully briefed and before him and because he has already heard oral argument on those motions.

Therefore, unless otherwise directed by the Court, the Magistrate Judge will refrain from addressing the pending motion to strike (Docket Entry Nos. 132-133), and the defendants' motion for oral argument (Docket Entry No. 135), and will defer to Judge Nixon on those matters.

It is so ORDERED.

JULIET GRIFFIN
United States Magistrate Judge