IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| CHS/COMMUNITY HEALTH SYSTEMS, INC.; TRIAD HEALTHCARE CORPORATION; and QUORUM HEALTH RESOURCES, LLC, | ) ) ) ) ) | |
| Plaintiffs/Counter-Defendants and | ) ) ) | No. 3-11-0449 |
| UNITED TORT CLAIMANTS, Plaintiff Intervenor v. | ) ) ) ) | Consolidated with Case No. 3-12-0248 |
| LEXINGTON INSURANCE COMPANY, | ) ) ) | |
| Defendant/Counter-Plaintiff and | ) ) ) | |
| IRONSHORE SPECIALTY INSURANCE COMPANY Defendant. | ) ) ) ) | |

O R D E R

Pursuant to December 9, 2013 (Docket Entry No. 142), a case management conference was held on January 3, 2014, at which time the following matters were addressed:

1. Counsel for the defendants sought a stay of proceedings in this case until at least the conclusion of the corporate liability trial scheduled to begin on June 23, 2014. Specifically, the defendants do not want to have to engage in discovery in this case if it is ultimately determined that QHR has no liability to the claimants. The plaintiffs and the intervenor oppose any such stay, contending, inter alia, that a stay would provide a disincentive to the defendants to try to reach a settlement. Plaintiffs' counsel reminded the Court that defendants' counsel had, a year and one half ago, represented that the obstacles to settlement were the unresolved issues related to shared limits and multiple retentions. Both those issues have now been resolved.

2. According to plaintiffs' counsel, the two remaining issues are whether QHR is entitled to be reimbursed for the 5.01 million dollar payment--even if QHR prevails in the corporate liability

trial--and whether defendant Lexington has the right to seek reimbursement of defense costs in the underlying cases. However, counsel for defendant Lexington represented that it is not asserting a claim for reimbursement of defense costs, and had already stipulated to that effect.

In the event that the parties have not entered into such a stipulation, plaintiffs' counsel agreed to send counsel for defendant Lexington a proposed stipulation.

3. The parties have tentatively scheduled global mediation in the underlying case April 2-3, 2014, before Magistrate Judge Torgerson in New Mexico. Counsel for intervenor UTC asked the Court to order that the parties participate in mediation in February, when Judge Torgerson is also available, but the Court declined to order that claims or counsel not involved in this case participate in mediation at a specific time. However, the Court encourages counsel for all parties--both in this case and in New Mexico--to firmly schedule mediation as soon as their schedules permit.

4. The plaintiffs shall have until January 7, 2014, to file an amended complaint, asserting a claim for reimbursement of the 5.01 million dollar payment. No motion to amend is required, and the amended complaint may simply supplement the prior complaint with the new claims and may refer to, but need not reassert, prior claims already stipulated or adjudicated.

The defendants shall have until January 21, 2014, to file a response to the plaintiffs' amended complaint.

Once it is clear what defenses will be raised, the parties will be able to determine what discovery will be necessary. It may be that discovery can be limited to Rule 30(b)(6) depositions and perhaps depositions of counsel. In that event, discovery could be completed in relatively short order and the reimbursement issue teed up for a dispositive motion or trial, if necessary, after the conclusion of discovery.

5. Counsel for the parties shall convene a telephone conference call with the Court on **Tuesday, February 4, 2014, at 10:00 a.m., central time,** to be initiated by plaintiffs' counsel, to address whether the parties have entered into stipulation--before or after January 3, 2014--that defendant Lexington will not seek reimbursement of defense costs, whether discovery that has been

2

Case 3:11-cv-00449   Document 143   Filed 01/06/14   Page 2 of 3 PageID #: 2130

or will be taken in the underlying cases will be sufficient for any discovery that the defendants might need to address coverage issues in this case, scheduling necessary discovery and a motion for summary judgment or trial date, when mediation has been scheduled in the underlying action, and any other appropriate matters.

It is so ORDERED.

_____
JULIET GRIFFIN
United States Magistrate Judge