IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

CHS/COMMUNITY HEALTH )
SYSTEMS, INC.; TRIAD )
HEALTHCARE CORPORATION; and )
QUORUM HEALTH RESOURCES, )
LLC, )
     Plaintiffs/Counter-Defendants ) No. 3-11-0449
and )
)  Consolidated with Case No. 3-1-048
UNITED TORT CLAIMANTS, )
     Plaintiff Intervenor/ )
     Counter-Defendant )
v. )
)
LEXINGTON INSURANCE )
COMPANY; and IRONSHORE )
SPECIALTY INSURANCE COMPANY )
     Defendants/Counter-Plaintiffs. )

O R D E R

Pursuant to the order entered February 14, 2014 (Docket Entry No. 152), counsel for the parties called the Court on April 11, 2014, at which time the following matters were addressed:

1. The plaintiffs' motion to propound additional interrogatories (Docket Entry No. 162) is GRANTED.

Defendant Lexington Insurance Company ("Lexington") shall have until April 21, 2014, to serve responses to the outstanding interrogatories.

2. The parties reported on the unsuccessful mediation with Judge Torgerson,

3. The time for the plaintiff to file an amended complaint against defendant Lexington, alleging bad faith, is extended from April 21, 2014, to May 15, 2014.

4. The June 23, 2014, deadline for completion for depositions is extended to July 23, 2014.

5. The August 6, 2014, deadline for filing any dispositive motion is extended to August 25, 2014. Any response shall be filed within 30 days of the filing of the motion or by September 24, 2014, if the motion is filed on August 25, 2014. Any reply, if necessary, shall be filed

within one (1) week of the filing of the motion or by October 1, 2014, if the response is filed on September 25, 2014.

No other filings in support of or in opposition to any dispositive motion shall be made after October 1, 2014, except with the express permission of the Honorable John T. Nixon.

In consultation with Judge Nixon's office, the jury trial is now scheduled on **Tuesday, January 27, 2015, at 9:00 a.m.**, in Courtroom 774, U.S. Courthouse, 801 Broadway, Nashville, TN. The parties estimate that the trial will last up to two weeks, depending upon whether the plaintiffs allege a bad faith claim.

The parties are directed to contact Ms. Mary Conner, courtroom deputy to Judge Nixon, by no later than 12:00 noon on Friday, January 23, 2015, if this case has settled. Failure to provide such notification in the event the parties have settled the case may result in assessment of costs against the parties and/or their attorneys, including but not limited to the costs of summoning the jurors.

A pretrial conference is also scheduled before Judge Nixon on **Friday, January 16, 2015, at 10:00 a.m.,** in Chambers, 770 U.S. Courthouse.

By December 12, 2014, counsel shall advise opposing counsel of those portions of any depositions to be read to the jury or those portions of video depositions to be viewed by the jury, in accord with Local Rule 32.01(b) and Rule 26(a)(3)(A)(ii) of the Federal Rules of Civil Procedure, and shall serve a list of the expected witnesses and exhibits in accord with Rule 26(a)(3)(A)(i) and (iii) of the Federal Rules of Civil Procedure.

By December 22, 2014, the parties shall file any motions in limine, any <u>Daubert</u> motions and/or motions relating to expert testimony, any evidentiary objections to deposition testimony in accord with Local Rules 32.01(b) and 39.01(d)(1) and Rule 26(a)(3)(B), and any objections to proposed exhibits in accord with Rule 26(a)(3)(B).

Any responses to such motions in limine, any responses to any <u>Daubert</u> motions and/or motions relating to expert testimony, and any responses to objections to deposition testimony and proposed exhibits shall be filed by January 9, 2015.

By January 9, 2015, the parties shall also:

1.  Submit a proposed joint pretrial order, which shall include:

    (a) a recitation that the pleadings are amended to conform to the pretrial order and that the pretrial order supplants the pleadings;

    (b) a short summary of the plaintiffs' theory (no more than one page each);

    (c) a short summary of the defendants' theory (no more than one page each);

    (d) a succinct statement of the relief sought;

    (e) a statement of the issues, including a designation of which issues are for the jury and which issues are for the Court;

    (f) a summary of any anticipated evidentiary issues;

    (g) a statement that counsel have complied with Rule 26(a)(2) and Rule 26(e) of the Federal Rules of Civil Procedure; and

    (h) the estimated length of the trial.

2.  File pretrial briefs, including:

    (a) a concise statement of the facts;

    (b) a concise statement of the issues;

    (c) a statement of the propositions of law upon which counsel relies, together with citations of authorities in support thereof;

    (d) those evidentiary rulings counsel anticipates may arise and the legal authorities upon which counsel relies in support of his or her contentions; and

    (e) what damages are recoverable and, where applicable, a proposed method of reducing future damages to present value.

3.  File any deposition transcripts that the parties expect to use at trial;

4.  Serve and file their respective final lists of witnesses and exhibits;

5. File a listing of all agreed stipulations;[1] and

6. File proposed jury instructions, any special interrogatories, and any special verdict forms.[2]

A deadline for filing pretrial briefs will be established at the pretrial conference, if appropriate.

The parties shall premark all exhibits and comply with Local Rule 39.01(c)(4).

In the event that this case must be "bumped" to accommodate another previously scheduled trial on January 27, 2015, the case is also conditionally scheduled on **Tuesday, June 2, 2015, at 9:00 a.m.,** in Courtroom 774, U.S. Courthouse, 801 Broadway, Nashville, TN.

In that event, the parties are directed to contact Ms. Mary Conner, courtroom deputy to Judge Nixon, by no later than 12:00 noon on Friday, May 29, 2015, if this case has settled. Failure to provide such notification in the event the parties have settled the case may result in assessment of costs against the parties and/or their attorneys, including but not limited to the costs of summoning the jurors.

If the trial is to be held on June 2, 2015, the pretrial conference will be conducted on **Friday, May 22, 2015, at 10:00 a.m.,** in Chambers, 770 U.S. Courthouse.

By April 24, 2015, counsel shall advise opposing counsel of those portions of any depositions to be read to the jury or those portions of video depositions to be viewed by the jury, in accord with Local Rule 32.01(b) and Rule 26(a)(3)(A)(ii) of the Federal Rules of Civil Procedure, and shall serve

---

[1] Counsel shall attempt to good faith to stipulate to the authenticity of exhibits, and shall stipulate to any matters as to which there is no genuine issue or to which counsel does not intend to contest. Objections to authenticity of exhibits and any proposed stipulation to which another party objects will be addressed at the pretrial conference. Objections as to admissibility and relevancy may be reserved until the time of trial or addressed in the context of motions in limine.

[2] Counsel shall confer and jointly prepare and file a set of agreed, proposed instructions and verdict forms. Each proposed jury instruction shall begin on a new page and shall include citations to supporting authorities. The parties may separately file any disputed jury instructions or verdict forms.

a list of the expected witnesses and exhibits in accord with Rule 26(a)(3)(A)(i) and (iii) of the Federal Rules of Civil Procedure.

By May 4, 2015, the parties shall file any motions in limine, any <u>Daubert</u> motions and/or motions relating to expert testimony, any evidentiary objections to deposition testimony in accord with Local Rules 32.01(b) and 39.01(d)(1) and Rule 26(a)(3)(B), and any objections to proposed exhibits in accord with Rule 26(a)(3)(B).

Any responses to such motions in limine, any responses to any <u>Daubert</u> motions and/or motions relating to expert testimony, and any responses to objections to deposition testimony and proposed exhibits shall be filed by May 15, 2015.

By May 15, 2015, the parties shall also:

1. Submit a proposed joint pretrial order, which shall include:
    (a) a recitation that the pleadings are amended to conform to the pretrial order and that the pretrial order supplants the pleadings;
    (b) a short summary of the plaintiffs' theory (no more than one page each);
    (c) a short summary of the defendants' theory (no more than one page each);
    (d) a succinct statement of the relief sought;
    (e) a statement of the issues, including a designation of which issues are for the jury and which issues are for the Court;
    (f) a summary of any anticipated evidentiary issues;
    (g) a statement that counsel have complied with Rule 26(a)(2) and Rule 26(e) of the Federal Rules of Civil Procedure; and
    (h) the estimated length of the trial.
2. File pretrial briefs, including:
    (a) a concise statement of the facts;
    (b) a concise statement of the issues;

(c) a statement of the propositions of law upon which counsel relies, together with citations of authorities in support thereof;

(d) those evidentiary rulings counsel anticipates may arise and the legal authorities upon which counsel relies in support of his or her contentions; and

(e) what damages are recoverable and, where applicable, a proposed method of reducing future damages to present value.

3. File any deposition transcripts that the parties expect to use at trial;

4. Serve and file their respective final lists of witnesses and exhibits;

5. File a listing of all agreed stipulations;[3] and

6. File proposed jury instructions, any special interrogatories, and any special verdict forms.[4]

A deadline for filing pretrial briefs will be established at the pretrial conference, if appropriate.

The parties shall premark all exhibits and comply with Local Rule 39.01(c)(4).

The Clerk is directed to forward the file in this case to Judge Nixon for his consideration of the following motions:

1. The motion of intervenor/counter-defendant for judgment on the pleadings requesting dismissal of counterclaims asserted by Ironshore Specialty Insurance Company against United Tort Claimants and accompanying filings (Docket Entry Nos. 154-155, and 158), the response of

---

[3] Counsel shall attempt to good faith to stipulate to the authenticity of exhibits, and shall stipulate to any matters as to which there is no genuine issue or to which counsel does not intend to contest. Objections to authenticity of exhibits and any proposed stipulation to which another party objects will be addressed at the pretrial conference. Objections as to admissibility and relevancy may be reserved until the time of trial or addressed in the context of motions in limine.

[4] Counsel shall confer and jointly prepare and file a set of agreed, proposed instructions and verdict forms. Each proposed jury instruction shall begin on a new page and shall include citations to supporting authorities. The parties may separately file any disputed jury instructions or verdict forms.

defendant/counter-plaintiff Ironshore (Docket Entry No. 167), and the reply filed by the intervenor/counter-defendant (Docket Entry No. 184);

    2.    The motion of intervenor/counter-defendant for judgment on the pleadings requesting dismissal of counterclaims asserted by Lexington Insurance Company against United Tort Claimants and accompanying filings (Docket Entry Nos. 156-158), and the response of defendant/counter-plaintiff Lexington (Docket Entry No. 171); and

    3.    The motion of intervenor/counter-defendant to strike or for a more definite statement against Lexington Insurance Company (Docket Entry No. 160), and the response filed by defendant/counter-plaintiff Lexington along with joinder in the response filed by defendant/counter-plaintiff Ironshore (Docket Entry No. 174);

    4.    The motion of intervenor/counter-defendant to strike or for a more definite statement against Ironshore Specialty Insurance Company (Docket Entry No. 161), and the response by defendant/counter-plaintiff Ironshore (Docket Entry No. 172).

It is so ORDERED.

_____
JULIET GRIFFIN
United States Magistrate Judge