UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| QUORUM HEALTH RESOURCES, LLC, | Civil Action No.: 3:11-cv-00449 JTN/JEG |
| | Consolidated with Case No. 3-12-0248 |
| Plaintiff/Counter-Defendant | |
| | **Hon. Judge John Nixon** |
| and | **Hon. Magistrate Judge Juliet Griffin** |
| UNITED TORT CLAIMANTS, | |
| | Jury trial requested |
| Plaintiff Intervenor | |
| v. | |
| LEXINGTON INSURANCE COMPANY, and IRONSHORE SPECIALTY INSURANCE COMPANY, | |
| Defendants/Counter-Plaintiffs. | |

## PROTECTIVE ORDER

Upon agreement by the Plaintiff/Counter-Defendant Quorum Health Resources, LLC ("QHR"), Defendant/Counter-Plaintiff Lexington Insurance Company ("Lexington"), and Defendant/Counter-Plaintiff Ironshore Specialty Insurance Company ("Ironshore") (collectively "the Stipulating Parties") and pursuant to FRCP 26(c), the Stipulating Parties submit this [Proposed] Stipulated Protective Order to facilitate production of documents. In support of this order, the Court finds that:

1

1. Ironshore produced its claim file (the "Ironshore Claim File") and a privilege log on April 27, 2012. Lexington produced its claim file (the "Lexington Claim File") and a privilege log on August 13, 2012.

2. The UTC consist of individuals who have pending claims against QHR. In or about September 2012, a partial settlement of the UTC claims occurred, pursuant to which QHR and Nautilus Insurance Company ("Nautilus") made cash payments to the UTC. This partial settlement is referred to as the "UTC Settlement."

3. Lexington, QHR's excess liability insurance carrier, assumed QHR's defense of the underlying UTC claims under a reservation of rights following Lexington's confirmation that Nautilus and QHR paid their contributions to the UTC Settlement. Lexington disputes any obligation to pay the fees and costs of independent counsel retained by QHR to defend against the UTC claims.

4. On February 26, 2014, Lexington and Ironshore propounded written discovery requests seeking, among other things, the production of documents relating to the UTC Settlement for which the UTC was not an intended recipient ("Confidential UTC Settlement Documents"), and the retention of defense counsel by QHR ("QHR Defense Counsel Documents").

5. On February 26, 2014, Lexington served a subpoena on non-party Nautilus to produce its claims files with respect to the UTC claims (the "Nautilus Claim File"). (The Ironshore Claim File, Lexington Claim File and Nautilus Claim File are hereinafter collectively referred to as the "Claim Files.")

6. The Stipulating Parties also anticipate that, in connection with existing or future discovery requests, they may be called on to produce documents concerning or discussing the substance of QHR's defense against the UTC claims ("QHR Defense Documents").

7. The Claim Files, Confidential UTC Settlement Documents, QHR Defense Counsel Documents and QHR Defense Documents (collectively, the "Protected Documents") contain documents and information that, because they fall under the attorney-client privilege and the work product doctrine, are protected from disclosure to the UTC.

8. Disclosure of the Protected Documents to the UTC would severely prejudice the defense of the underlying UTC claims, and reveal defense strategy for defending these claims.

9. Upon agreement of the Stipulating Parties and to protect the respective interests of the Stipulating Parties in this case, and to protect certain documents already produced or which may be produced in the future, the following Order is issued.

**IT IS THEREFORE ORDERED THAT**:

(a) Due to the applicable privileges discussed above, the plaintiff-intervenor UTC is not entitled to receive the Protected Documents.

(b) The Protected Documents shall be designated or marked as "Confidential."

(c) All documents designated or marked "Confidential" shall be used or disclosed solely in this litigation and in accordance with this Protective Order. All documents designated or marked "Confidential" pursuant to the terms of this Protective Order shall not be used in any other litigation or for any other purpose without further order of this Court.

imanage-197436.1

(d) All documents designated or marked "Confidential" shall not be disclosed to anyone other than:

    i. Counsel for the Stipulating Parties and their clerical, secretarial, and paralegal personnel;

    ii. The Stipulating Parties and principals, agents, officers and employees of the Parties and their respective parents, affiliates, reinsurers, and subsidiaries, whose assistance is required by counsel in conducting this litigation; and,

    iii. Such experts as the Stipulating Parties may deem appropriate and such persons within such experts' firms whose assistance is required by such experts, provided such experts have been retained by a party or counsel of a party and provided the designated experts and their assistants, before disclosure, acknowledge they are familiar with the terms of this Protective Order and agree to abide by its terms.

(e) No Stipulating Party shall disclose any documents designated or marked "Confidential" to any person or entity except as provided in paragraph (d) above, without order of the Court (subject to the provisions of paragraph (f) below when applicable), or the prior written consent of the Stipulating Parties.

(f) In the event a party to this action (i) objects to the designation or marking of one or more documents as "Confidential" by a Stipulating Party or (ii) claims that one or more documents are not Protected Documents, this requesting party shall provide the Stipulating Party withholding the document(s) with a written

4

objection setting forth the reasons supporting disclosure thereof. The requesting and withholding parties shall thereafter meet and confer expeditiously and in good faith to resolve the matter. The production of any documents pursuant to this meet and confer process shall be without prejudice to the status of any other documents as Protected Documents, and shall not constitute a waiver of the right of the Stipulating Parties to designate or mark any other documents as "Confidential." The party seeking disclosure may move the Court to compel production of the document(s) if and only if the above meet and confer process has been completed without resolution of the matter.

(g) Prior to providing documents designated or marked "Confidential" to any person described in paragraph (d) above, counsel for the party providing the documents designated or marked "Confidential" shall inform the person of the terms of this Protective Order and the obligations to comply with those terms. In addition, each person described above who is given access to documents designated or marked "Confidential" shall be bound and shall agree to be bound by this Protective Order.

(h) Any document or thing designated or marked "Confidential" that is to be filed in this action shall be filed under seal in accordance with the Federal Rules of Civil Procedure, the Local Rules of the Middle District of Tennessee, and any other rules or administrative procedures or practices of this Court.

imanage-197436.1

(i) Inadvertent or unintentional production of documents or information containing confidential information which is not designated or marked "Confidential" shall not be deemed a waiver in whole or in part of a claim for confidential treatment.

(j) Within thirty (30) days after the final termination of this litigation, including all appeals, all documents designated or marked "Confidential" furnished by the Stipulating Parties, including copies thereof and any extracts, summaries, compilations, charts or graphs taken therefrom, but excluding any documents which in good faith judgment of counsel are work product materials, shall be destroyed and their destruction certified by counsel.

(k) This Order is without prejudice to the right of any party to seek modification or amendment of this Order by further order of this Court upon notice and motion.

(l) This Order shall be binding upon QHR, Lexington, Ironshore, and the UTC and their counsel.

Stipulated by the Parties on the 18th day of April, 2014.

    Respectfully submitted,

    **BUERGER, MOSELY & CARSON, PLC**
    306 Public Square
    Franklin, TN 37064
    Tel:   (615) 794-8850
    Fax:  (615) 790-8861

    By:   /s/ Lisa M. Carson
          Lisa M. Carson, TN BPR No. 14782

**ANDERSON KILL**
864 East Santa Clara Street
Ventura, CA 93001
Tel: (805) 288-1300
Fax: (805) 288-1301

By: /s/ David E. Wood
    David E. Wood, Cal. Bar No. 121170
    John L. Corbett, Cal. Bar No. 245675
Attorneys for Plaintiff and Counter-Defendant
Quorum Health Resources, LLC


**KUNZ PLITT HYLAND & DEMLONG**
3838 N Central Avenue, Suite 1500
Phoenix, AZ 85012
Tel: (602) 331-4600
Fax: (602) 331-8600

By: /s/ Joshua D. Rogers
    Steven Plitt
    Joshua D. Rogers
Attorneys for Defendant and Counter-Plaintiff
Lexington Insurance Company


**TROUTMAN SANDERS LLP**
401 9th Street, NW
Suite 1000
Washington, DC 20004-2134
Tel: (202) 662-2021
Fax: (202) 654-5826

By: /s/ Clarence Y. Lee
    David Gische
    Clarence Y. Lee
Attorneys for Defendant and Counter-Plaintiff
Ironshore Specialty Insurance Company


**IT IS SO ORDERED.**

*[signature]*
Hon. Juliet Griffin
United States Magistrate Judge

**CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing document has been electronically delivered to Lisa M. Carson, Buerger, Mosely & Carson, PLC, Attorneys for Plaintiffs, 306 Public Square, Franklin, TN 37064; Floyd D. Wilson, Myers, Oliver & Price, P.C., 1401 Central Avenue, NW, Albuquerque, NM 87104; Douglas W. Langdon and John Kendrick Wells, Frost Brown Todd, LLC, 400 West Market Street, Suite 3200, Louisville, Kentucky 40202-3363, and Jason M. Bergeron, Frost Brown Todd, LLC, 150 3rd Avenue South, Suite 1900, Nashville, Tennessee 37201, Attorneys for Defendant Lexington Insurance Company; Joshua Rogers and Steven Plitt, Kunz, Plitt, Hyland & Demlong, 3838 N Central Avenue, Suite 1500, Phoenix, AZ 85012; Andrea McKellar, Lyndsay Smith Hyde, McKellar Hyde, PLC, 411 Broadway, Suite 302, Nashville, TN 37203, and David M. Gische, Clarence Y. Lee, Thomas Hay, Troutman Sanders, LLP, 401 Ninth Street, NW, Washington, D.C. 20004, Attorneys for Ironshore Specialty Insurance Company; Edward Russell, Wilson & Associates, PLLC, 8 Cadillac Dr., Suite 120, Brentwood, TN 37027, Bernard Given, Jean Wanlass, Loeb & Loeb LLP, 10100 Santa Monica Blvd., Suite 2200, Los Angeles, CA 90067, George Nolan, Leader, Bulso & Nolan, PLC, 414 Union St., Suite 1740, Nashville, TN 37219, and Lisa Curtis, Curtis & Lucero, 301 Gold SW, Suite 201, Albuquerque, NM 87102, Attorneys for United Tort Claimants c/o Loeb & Loeb, LLP, 1906 Acklen Ave., Nashville, TN 37212 on this 18th day of April 2014.

                                              /s/ David E. Wood
                                                David E. Wood