IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CHS/COMMUNITY HEALTH SYSTEMS, INC.; TRIAD HEALTHCARE CORPORATION; and QUORUM HEALTH RESOURCES, LLC, <br>    Plaintiffs/Counter-Defendants <br> and <br><br> UNITED TORT CLAIMANTS, <br>    Plaintiff Intervenor/ <br>    Counter-Defendant <br> v. <br><br> LEXINGTON INSURANCE COMPANY; and IRONSHORE SPECIALTY INSURANCE COMPANY <br>    Defendants/Counter-Plaintiffs. | No. 3-11-0449 <br><br> Consolidated with Case No. 3-1-048 |

O R D E R

Counsel for the parties called the Court on July 10, 2014, and July 16, 2014, at the conclusion of which it became clear to the Court that the trial, scheduled on January 27, 2015, should be rescheduled.

In consultation with the office of the Honorable John T. Nixon, the trial is RESCHEDULED to **Tuesday, May 12, 2015, at 9:00 a.m.,** in Courtroom 774, U.S. Courthouse, 801 Broadway, Nashville, TN. The parties estimate that the trial will last up to two weeks.

The parties are directed to contact Ms. Mary Conner, courtroom deputy to Judge Nixon, by no later than 12:00 noon on Friday, May 8, 2015, if this case has settled. Failure to provide such notification in the event the parties have settled the case may result in assessment of costs against the parties and/or their attorneys, including but not limited to the costs of summoning the jurors.

A pretrial conference is also scheduled before Judge Nixon on **Friday, May 1, 2015, at 10:00 a.m.,** in Chambers, 770 U.S. Courthouse.

By April 3, 2015, counsel shall advise opposing counsel of those portions of any depositions to be read to the jury or those portions of video depositions to be viewed by the jury, in accord with

Local Rule 32.01(b) and Rule 26(a)(3)(A)(ii) of the Federal Rules of Civil Procedure, and shall serve a list of the expected witnesses and exhibits in accord with Rule 26(a)(3)(A)(i) and (iii) of the Federal Rules of Civil Procedure.

By April 13, 2015, the parties shall file any motions in limine, any <u>Daubert</u> motions and/or motions relating to expert testimony, any evidentiary objections to deposition testimony, in accord with Local Rules 32.01(b) and 39.01(d)(1) and Rule 26(a)(3)(B), and any objections to proposed exhibits in accord with Rule 26(a)(3)(B).

Any responses to such motions in limine, any responses to any <u>Daubert</u> motions and/or motions relating to expert testimony, and any responses to objections to deposition testimony and proposed exhibits shall be filed by April 24, 2015.

By April 24, 2015, the parties shall also:

1. File a proposed joint pretrial order, which shall include:
    (a) a recitation that the pleadings are amended to conform to the pretrial order and that the pretrial order supplants the pleadings;
    (b) a short summary of the plaintiff's theory (no more than one page);
    (c) a short summary of the intervenor's theory (no more than one page);
    (d) a short summary of the defendants' theories (no more than one page each);
    (e) a succinct statement of the relief sought;
    (f) a statement of the issues, including a designation of which issues are for the jury and which issues are for the Court;
    (g) Any special trial procedural issues;
    (h) A summary of any anticipated evidentiary issues;
    (i) A statement that counsel have complied with Rule 26(e) of the Federal Rules of Civil Procedure; and
    (j) The estimated length of the trial.
2. File pretrial briefs, including:

(a) a concise statement of the facts;

(b) a concise statement of the issues;

(c) a statement of the propositions of law upon which counsel relies, together with citations of authorities in support thereof;

(d) those evidentiary rulings counsel anticipates may arise and the legal authorities upon which counsel relies in support of his contentions; and

(e) what damages are recoverable and, where applicable, a proposed method of reducing future damages to present value.

3. File any deposition transcripts that the parties expect to use at trial;

4. Serve and file their respective final lists of witnesses and exhibits;

5. File a listing of all agreed stipulations;[1] and

6. File proposed jury instructions, any special interrogatories, and any special verdict forms.[2]

The parties shall premark all exhibits and comply with Local Rule 39.01(c)(4).

It is so ORDERED.

JULIET GRIFFIN
United States Magistrate Judge

---

[1] Counsel shall attempt to good faith to stipulate to the authenticity of exhibits, and shall stipulate to any matters as to which there is no genuine issue or to which counsel does not intend to object. Objections to authenticity of exhibits and any proposed stipulation to which another party objects will be addressed at the pretrial conference. Objections as to admissibility and relevancy may be reserved until the time of trial or addressed in the context of motions in limine.

[2] Counsel shall confer and jointly prepare and file a set of agreed, proposed instructions and verdict forms. Each proposed jury instruction shall begin on a new page and shall include citations to supporting authorities. The parties may separately file any disputed jury instructions or verdict forms.