IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| QUORUM HEALTH RESOURCES, LLC, and ) <br> UNITED TORT CLAIMANTS, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> LEXINGTON INSURANCE COMPANY and ) <br> IRONSHORE SPECIALTY INSURANCE ) <br> COMPANY, ) <br> ) <br> Defendants. ) | No. 3:11-cv-00449 <br><br> Judge Nixon <br> Magistrate Judge Griffin <br><br> JURY DEMAND |

## ORDER

Pending before the Court are Defendant Lexington Insurance Company's Motion to Dismiss, in which it requests the Court dismiss this case for lack of subject matter jurisdiction because the parties are not diverse (Doc. No. 257), and Motion to Vacate, in which it requests the Court vacate its previously entered Order of Partial Summary Judgment and other Orders entered in this matter because of the Court's alleged lack of jurisdiction (Doc. No. 260). Intervening Plaintiffs the United Tort Claimants and Plaintiff Quorum Health Resources, LLC argue that dismissal without prejudice is proper (Doc. Nos. 264, 266), but oppose the Motion to Vacate (Doc. Nos. 265, 268). Lexington Insurance Company's Motion for Leave to File Supplement and Reply to Quorum Health Resources, LLC's and United Tort Claimants' Responses to Lexington's Motion to Vacate (Doc. No. 269) is hereby **GRANTED**. For the reasons stated below, Lexington Insurance Company's Motion to Dismiss (Doc. No. 257) and Motion to Vacate (Doc. No. 260) are **GRANTED**. All other pending motions in this case are **TERMINATED as MOOT**. The Clerk of the Court is **DIRECTED** to close the case.

1

## I. Background[1]

Plaintiff Quorum Health Resources, LLC ("Quorum") is a limited liability company whose sole member, Triad Healthcare Corporation ("Triad"), is a Delaware corporation with its principal place of business in Franklin, Tennessee. (*See* Doc. Nos. 258-1 at 2; 1 ¶ 3.) Quorum manages hospitals, including Otero County Hospital Association d/b/a/ Gerald Champion Regional Medical Center ("the Hospital") in Alamogordo, New Mexico. (Doc. No. 141 at 2.) In 2008, Quorum purchased insurance policies from Defendants Lexington Insurance Company ("Lexington") and Ironshore Specialty Insurance Company ("Ironshore"). (*Id.* at 3, 5.) Lexington is a Delaware corporation with its principal place of business in Boston, Massachusetts. (Doc. No. 258-2.) Ironshore is an Arizona corporation with its principal place of business in New York, New York. (Doc. No. 194 ¶ 4.) The intervening plaintiffs, the United Tort Claimants, sued Quorum in a New Mexico state court alleging they were injured by doctors employed by the Hospital. (Doc. No. 141 at 2.) In the Fourth Amended Consolidated Complaint filed in this matter, Quorum seeks declaratory relief against Lexington and Ironshore, and makes various tort and contract claims against both Defendants to ascertain the extent of Defendants' liability for insurance payments necessitated by the United Tort Claimants' malpractice claims. (*See* Doc. No. 194.)

Triad and CHS/Community Health Systems, Inc. filed the Original Complaint for Declaratory Relief in this matter on May 12, 2011. (Doc. No. 1.) This Court and the Honorable Magistrate Judge Griffin have since issued a number of Orders in this matter, including a partial Summary Judgment interpreting the contractual terms "Occurrence" and "Medical Incident" under Tennessee law. (Doc. No. 141.)

---

[1] Finding a full account of the history of this matter unnecessary, the Court summarizes here only the information relevant to Lexington's pending Motion to Dismiss and Motion to Vacate.

On October 29, 2014, Lexington filed the instant Motion to Dismiss for lack of complete diversity of parties (Doc. No. 257), along with a Memorandum of Law in Support (Doc. No. 258), three exhibits (Doc. Nos. 258-1–3), and its Motion to Vacate (Doc. No. 260). On November 12, 2014, the United Tort Claimants filed a Response to the Motion to Dismiss (Doc. No. 264), one exhibit (Doc. No. 264-1), and a Response to Lexington's Motion to Vacate (Doc. No. 265). On November 17, 2014, Quorum filed a Response to Lexington's Motion to Dismiss (Doc. No. 266) with one exhibit (Doc. No. 266-1) and a Response to Lexington's Motion to Vacate (Doc. No. 268). Lexington filed a Supplement and Reply brief on November 26, 2014. (Doc. No. 269-2.)

## II. MOTION TO DISMISS

Lexington moved for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1). (Doc. No. 257.) Such a motion may challenge a court's subject matter jurisdiction on its face or on the facts. When a motion attacks jurisdiction on its face, "all allegations in the complaint must be considered as true," and the motion is properly granted if the facts alleged are legally insufficient to invoke federal jurisdiction. *Estate of Smith ex rel. Richardson v. United States*, 509 F. App'x 436, 439 (6th Cir. 2012); *see* 5B Charles Alan Wright & Arthur R. Miller, *Fed. Prac. & Proc.* § 1350 (3d ed. 2004) (facial attack on the pleadings granted where complaint does not meet requirements of Fed. R. Civ. P. 8(a)(1)). "When a Rule 12(b)(1) motion attacks the factual basis for jurisdiction, the district court must weigh the evidence and the plaintiff has the burden of proving that the court has jurisdiction over the subject matter." *Golden v. Gorno Bros.*, 410 F.3d 879, 881 (6th Cir. 2005) (citing *DLX, Inc. v. Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004)).

3

In the Fourth Amended Consolidated Complaint, Quorum alleged this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1), which provides that federal district courts have original jurisdiction over all civil actions "between . . . citizens of different States" where the amount in controversy exceeds $75,000. (*See* Doc. No. 194 ¶ 1.) Quorum also alleges that it "is a Delaware corporation" (Doc. No. 194 ¶ 2), as is Defendant Lexington (*id.* ¶ 3). However, section 1332 authorizes district courts to exercise jurisdiction only when complete diversity of citizenship exists, or when "no plaintiff and no defendant are citizens of the same state." *Jerome-Duncan, Inc. v. Auto-By-Tel, LLC*, 176 F.3d 904, 907 (6th Cir. 1999). Pursuant to 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and . . . where it has its principal place of business." Because Quorum alleges that it and Defendant Lexington are citizens of the same state, Quorum has failed to allege sufficient facts to justify this Court's exercise of subject matter jurisdiction over this matter.

Lexington has also presented sufficient proof to sustain a factual attack on Quorum's asserted basis for subject matter jurisdiction. Quorum is not a corporation but a limited liability partnership. (Doc. No. 258-1.) "[A] limited partnership is deemed to be a citizen of every state where its general *and* limited partners reside." *V & M Star, LP v. Centimark Corp.*, 596 F.3d 354, 355 (6th Cir. 2010) (quoting *Hooper v. Wolfe*, 396 F.3d 744, 748 (6th Cir. 2005)). Lexington has presented evidence that Quorum's sole member, Triad, is a Delaware corporation. (*See* Doc. Nos. 258-1 at 2; 1 ¶ 3.) Furthermore, Lexington has presented evidence that it is also a Delaware corporation. (Doc. No. 258-2.) Quorum agrees and presents no contrary evidence.

This Court lacks subject matter jurisdiction over this matter; accordingly, Lexington's Motion to Dismiss (Doc. No. 257) is **GRANTED** and the Fourth Amended Consolidated

4

Complaint (Doc. No. 194) is hereby **DISMISSED**. The Court notes that this "dismissal is not a decision on the merits and has no res judicata effect that would prevent the reinstitution of the action in a court that has subject matter jurisdiction over the controversy." *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994) (quoting *Fed. Prac. & Proc.* § 1350). However, "while a dismissal for lack of jurisdiction does not constitute an adjudication upon the merits, it does constitute a binding determination on the jurisdictional question." *Id.* (quoting *Shaw v. Merritt-Chapman & Scott Corp.*, 554 F.2d 786, 789 (6th Cir. 1977)).

### III. MOTION TO VACATE

Lexington moves that this Court's Order of partial summary judgment (Doc. No. 141), and all other orders entered in this matter, be vacated pursuant to Rule 60(b)(4) because "the Court has lacked subject matter jurisdiction over this case at all relevant times" and the orders are therefore void. (Doc. No. 260 at 1.) Quorum and the United Tort Claimants contend that the motion should be denied because the orders at issue are not final orders, and are therefore outside of the scope of Rule 60(b). (Doc. Nos. 265 ¶ 1; 268 ¶ 2.)

Rule 60(b) provides that upon "motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding" because "the judgment is void." Fed. R. Civ. P. 60(b)(4). A district court's judgment is considered "final" when the "district court dissociates itself from a case." *Lacer v. Pickard*, 536 F. App'x 544, 546 (6th Cir. 2013) (quoting *Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 42 (1995)). This Court's Order dismissing the case for lack of subject matter jurisdiction is a final judgment. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). Although interlocutory orders, such as partial orders of summary judgment, are typically not subject to immediate appeal, such orders become "final" and merge into the final judgment when it is issued. *Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick, & GMC*

5

*Trucks, Inc.*, 173 F.3d 988, 993 (6th Cir. 1999) (quoting *Jarrett v. Epperly*, 896 F.2d 1013, 1016 (6th Cir. 1990) (recognizing that "interlocutory orders merge into the final judgment and may be presented on appeal of that final judgment")). Accordingly, contrary to Quorum and the United Tort Claimants' arguments, the fact that the orders at issue are not themselves final and were not subject to appeal when issued does not exempt them from the scope of Rule 60(b).

"Federal courts considering Rule 60(b)(4) motions that assert a judgment is void because of a jurisdictional defect generally have reserved relief only for the exceptional case in which the court that rendered judgment lacked even an 'arguable basis' for jurisdiction." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010) (quoting *Nemaizer v. Baker*, 793 F.2d 58, 65 (2d Cir. 1986)). Such is the case here. Plaintiffs assert jurisdiction exclusively on the basis of diversity, yet the jurisdictional defect at issue has been evident in every iteration of the complaint. (Doc. Nos. 1 ¶¶ 1–4; 71 ¶¶ 1–5; 144 ¶¶ 1–5; 194 ¶¶ 1–3.)

"Federal courts are courts of limited jurisdiction which may exercise only those powers authorized by Constitution and statute." *Douglas v. E.G. Baldwin & Assocs., Inc.*, 150 F.3d 604, 606 (6th Cir. 1998) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)), *abrogated by Thomas v. Miller*, 489 F.3d 293 (6th Cir. 2007); *see Dilaura v. Ann Arbor Charter Twp.*, 30 F. App'x 501, 504 (6th Cir. 2002) ("Federal courts lack the power to decide questions that cannot affect the rights of the litigants in the case before them."). This Court's exercise of jurisdiction over this matter exceeded its power. Accordingly, all prior orders entered in this matter are **VOID** and Lexington's Motion under Rule 60(b)(4) is **GRANTED**.

6

## IV. CONCLUSION

For the above-stated reasons, Lexington's Motion to Dismiss (Doc. No. 257) and Motion to Vacate (Doc. No. 260) are hereby **GRANTED**. All other pending motions in this case are **TERMINATED as MOOT**. The Clerk of the Court is **DIRECTED** to close the case.

It is so ORDERED.

Entered this __25th__ day of February, 2015.

                                                                    _____
                                                                    JOHN T. NIXON, SENIOR JUDGE
                                                                    UNITED STATES DISTRICT COURT